### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CASEY POOL, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-589 |
| v. | § | |
| | § | |
| LAMAR CNTY. JAIL, | § | |
| | § | |
| Defendant. | § | |
| | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Casey Pool ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983 (Dkt. #1) and a motion for leave to proceed *in forma pauperis* (Dkt. #2).  On March 7, 2023, the Court ordered that Plaintiff submit a certified copy of his inmate trust account for the previous six months (Dkt. #4) so that a determination could be made in his motion to proceed *in forma pauperis*.  As of today's date, Plaintiff has failed to comply with the Court's Order. Furthermore, on April 20, 2023, mail that was sent to Plaintiff was returned, marked, "Return to Sender - Unable to Forward" and "RTS No longer in custody at Lamar County Jail" (Dkt. #5). "A pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address."  Local Rule CV-11(d).  Thus, not only has Plaintiff failed to comply with the Court's Order to provide a certified copy of his inmate trust account for the previous six months, but he has also failed to advise the Court of his current physical address.  Accordingly, Plaintiff has failed to prosecute his case.  Fed. R. Civ. P. 41(b).

A district court may dismiss an action for failure to prosecute or to comply with any order of the court.  *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b).  The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused.  *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).  Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases.  *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).  In the present case, Plaintiff has failed to comply with the Court's Orders related to consideration of his pending Application to Proceed *In Forma Pauperis;* thus, the present case should be dismissed.  *See Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Jeffery v. Davis*, No. 3:20-CV-164-C (BH), 2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020) ("This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court[.]"), *report and recommendation adopted*, No. 3:20-CV-164-C-BH, 2020 WL 2343157 (N.D. Tex. May 11, 2020); *Guevara v. Paul*, No. 6:17CV176, 2018 WL 7412985, at *1 (E.D. Tex. July 16, 2018) ("Guevara's failure to submit a certified

inmate trust account data sheet as ordered means his lawsuit may be dismissed for failure to prosecute or to obey an order of the Court.").[1]

In sum, Plaintiff failed to comply with the Court's Order to provide a certified copy of his inmate trust account for the previous six months of financial activity. It is Plaintiff's responsibility to pay the required filing fee or provide a full and complete application to proceed *in forma pauperis*. Additionally, Plaintiff has failed to keep the Court apprised of his current address; thus, Plaintiff has failed to prosecute this case. *See* FED. R. CIV. P. 41(b).

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

---

[1] Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff has failed to comply with the Court's order requiring a complete application to proceed *in forma pauperis*. Plaintiff has failed to act according to the Court's orders. He has also failed to keep the Court apprised of his current address. However, Plaintiff's intentions and actions do not threaten the judicial process, and a dismissal with prejudice is inappropriate.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 26th day of April, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE